IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00812-WDM

MICHELLE D. LAMBRECHT,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER OF REMAND

Miller, J.

    Plaintiff Michelle D. Lambrecht (Lambrecht) appeals the final administrative decision by defendant Jo Anne B. Barnhart, Commissioner of Social Security (the Commissioner), finding that she was not disabled and denying her application for disability insurance benefits. I have jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). After considering the parties' written arguments and following review of the administrative record, I conclude the decision must be remanded for consideration of evidence that was not included in the administrative record.

<u>Standard of Review</u>

    42 U.S.C. § 405(g) authorizes me to remand a social security appeal to permit additional evidence to be taken before the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to

incorporate such evidence into the record in a prior proceeding[.]"

## Discussion

At oral argument on April 18, 2006, counsel for Lambrecht tendered for the first time to the court documents she contended had been presented to the Appeals Council but that were not part of the certified record on appeal.[1]  I directed counsel for both parties to provide written argument on the issue of my authority to consider the new evidence.

Although the parties presented divergent viewpoints in response to my direction, I agree with the essence of both positions.  First, I agree with the Commissioner that I lack jurisdiction to consider the merits of the new evidence as part of a ruling on the substantive issues raised on appeal.  *Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970) ("The court is not at liberty to consider evidence not in the record certified by the [Commissioner]").  Second, however, I also agree with Lambrecht that, because the record does not reflect that the Appeals Council addressed the evidence at issue, which was timely submitted by Lambrecht in connection with her appeal of the Administrative Law Judge's decision, the cause should be remanded pursuant to

---

[1]  Lambrecht's counsel provided no explanation for her failure to come forward with the new evidence until oral argument.  Indeed, in July 2005, in the Joint Case Management Plan for this appeal, counsel stated the record was complete and that she did not intend to produce any new evidence.  I note that, contrary to good appellate practice, Lambrecht's attorney failed to cite to any record pages to support the arguments in her briefs.  Had she done so, she would have discovered the omission of the exhibits–to which she referred in her briefs–from the record.  Her failure to properly brief her arguments enabled this appeal to go forward in the absence of evidence critical to her client and caused a significant delay in the resolution of her client's appeal.

section 405(g).

Pursuant to 20 C.F.R. § 404.970(b), the Appeals Council must address evidence submitted with a request for review where the evidence is: (1) new, (2) material, and (3) related to the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). If the evidence meets these criteria but the Appeals Council did not consider it, the case should be remanded. *Id.* Addressing these factors here, I find no question but that the pertinent evidence is new, material, and timely.[2]

Further, I find that the good cause requirement of section 405(g) is also met. Because the pertinent evidence post-dates the ALJ's decision, it could not have been incorporated into the record considered by the ALJ. The evidence before me demonstrates that Lambrecht tendered the new exhibits to the Appeals Council in a timely manner, but there is no indication in the record that the Appeals Council addressed it. Indeed, the absence of the exhibits from the certified record prepared by the Commissioner suggests it was not considered. While counsel for Lambrecht could have brought the omission of the exhibits from the record to the attention of the court in a more timely manner, she did her part in tendering the exhibits to the Appeals Council.

## Conclusion

I find the evidence submitted by Lambrecht at oral argument in April 2006 to fit

---

[2] The most important piece of evidence submitted by Lambrecht to the Appeals Council and to this court at the April oral argument was a June 2004 letter from a treating physician, Dr. Wong, addressing medical evidence relevant to the issue of whether Lambrecht meets a listed impairment. This letter was written after the ALJ issued his decision.

the *Chambers* factors.  Because I am unable to determine from the record that the Appeals Council considered the evidence, the case is remanded to the Commissioner for redetermination of Lambrecht's application in light of the newly submitted evidence.

Accordingly, it is ordered that this case is remanded to the Commissioner for proceedings consistent with this opinion.

DATED at Denver, Colorado, on June 30, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge